UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,     )       Index No.: 08-CIV-5776 (KMK)
                                          )
                        Plaintiffs,       )       DEFAULT JUDGMENT
            -against-                     )
                                          )
ACCLAIM ACOUSTICS INC.,                   )
                                          )
                        Defendant.        )
                                          )

---

This action having been commenced on June 26, 2008 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the Defendant

Acclaim Acoustics Inc. on June 30, 2008 via New York's Secretary of State and said Proof of Service

having been filed with the Clerk of the Court on July 8, 2008 and the defendant not having

appeared, answered or otherwise moved with respect to the Complaint within the time allowed by law,

and the time for appearing, answering or otherwise moving having expired it is,

ORDERED, ADJUDGED AND DECREED: that the plaintiffs have judgment against

defendant in the liquidated amount of Thirty Eight Thousand Seventeen Dollars and Seventy One

Cents ($38,017.71), which includes the following: contributions due and owing in the sum of

$28,072.50 for the period January 1, 2006 through December 31, 2007; interest in the sum of

$2,697.96 calculated at 7% per annum through to April 16, 2008; liquidated damages in the sum of

$2,807.25 calculated at 10% of the principal; attorneys' fees in the sum of $2,000.00; auditors' fees in

the sum of $2,050.00, plus court costs and disbursements of this action in the sum of $390.00.

ORDERED, that the Judgment rendered by the court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

Dated: White Plains, New York
          , 2008

So Ordered:

_____
Honorable Kenneth M. Karas, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )

                            Plaintiffs,

      -against-

ACCLAIM ACOUSTICS INC.,

                            Defendant.

Index No.: 08-CIV-5776 (KMK)

AFFIDAVIT FOR JUDGMENT
BY DEFAULT

---

STATE OF NEW YORK     )
                   ) ss.:
COUNTY OF WESTCHESTER  )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiffs' Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, Acclaim Acoustics Inc. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent benefit fund contributions owed to the Funds by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer.

5. This action was commenced on June 26, 2008 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on June 30, 2008 via New York's Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on July 8, 2008. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the plaintiffs' Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions, then the Employer is liable for the additional amount of statutory damages, together with attorneys' fees, auditors' fees, interest on the unpaid principal assessed at the prime rate plus 2% from the date the contributions were due to the date of the audit findings, liquidated damages equivalent to 10% of the total amount of contributions, costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA, 29 U.S.C. Section 1132.

10. The Employer has failed and refused to submit benefit contributions found due pursuant to an audit of the Employer's books and records for the period January 1, 2006 through December 31, 2007 in the principal sum of $28,072.50. A copy of the results of the audit are attached hereto as Exhibit "B".

11. The amounts set forth in the Statement of Damages are justly due and owing and no part thereof have been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts.

| | | |
|---|---|---|
| (a) Filing Fee paid to the Clerk of the Court of the S.D.N.Y. | | $350.00 |
| (b) Statutory fee paid to the NYS Secretary of State in connection with service upon the Employer | | $ 40.00 |
| | Total: | $390.00 |

12. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

13. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 7 hours @ $250.00 per hour = $1,750.00 and 2.5 hours @ $100 per hour = $250.00. This rate and fee are reasonable and justified given the circumstances of this matter.

14. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $2,000.00 represents

fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

15. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| | | |
|---|---|---|
| June 4, 2008 | Prepared and sent demand letter to the defendant | 0.5 hours |
| June 26, 2008 | Reviewed client statements and prepared complaint | 2.5 hours |
| | Prepared and filed civil cover sheet, summons, and rule 7.1 statement | 2.0 hours |
| July 8, 2008 | Filed affidavit of service | 0.5 hours |
| July 31, 2008 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 4.0 hours |
| | | 9.5 hours |

16. As a result of defendant's default, in addition to the principal of $28,072.50 for the period January 1, 2006 through December 31, 2007, plaintiffs are entitled to damages as follows:

(a) $2,697.96 in interest calculated at 2% above prime per annum through to April 16, 2008; $2,807.25 in liquidated damages calculated at 10% of the principal; $2,000.00 in attorneys' fees; $2,050.00 in auditors' fees and court costs and disbursements in the amount of $390.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

**WHEREFORE**, plaintiffs request the entry of default and entry of judgment for

contributions, interest, liquidated damages, attorneys' fees, auditors' fees and court costs and

disbursements in the amount of $38,017.71.

Dated: Elmsford, New York
    July 31, 2008

Dana L. Henke, Esq. (DLH3025)
BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
31ˢᵗ day of July, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# JUDGE KARAS

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )

                              Plaintiffs, )

           -against- )

ACCLAIM ACOUSTICS INC., )

                           Defendant. )

Index No.:

**COMPLAINT**

## 08 civ. 5776

Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds

(hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder &

Shepherd, PLLC allege as follows:

FILED

JUN 26 2008

USDC WP SDNY

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations

Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter

referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C.

Section 185) and Sections 502(e)(1) and 502(f) of E RISA (29 U.S.C. Sections 1132(e)(1) and 1132(f));

and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C.

Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C.

Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds maintain an office for the transaction of business at 14 Saw Mill River Road, Hawthorne, NY, 10532, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 14 Saw Mill River Road, Hawthorne, NY 10532, in the County of Westchester.

10. Upon information and belief, the Defendant, Acclaim Acoustics Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is an individual doing business as a company pursuant to the laws of the State of New York and performing business in New York with it principal place of business at 7 Cedar Lane, East Setauket, NY 11733, in the County of Suffolk.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

13. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered

by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions, dues check-off and late charges.

15. The Employer has failed and refused to remit to the Funds and Union those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures and Policy for the period January 1, 2006 through to and including December 31, 2007 in the minimum amount of $28,072.50.

16. These amounts described in paragraph 15 above are due and owing to the Funds and Union and are based upon an audit that was conducted by Funds' Office.

17. The Employer's failure, refusal or neglect to remit the proper contributions, reports, dues check-off and late charges to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the Agreement and the Policy leave upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 20% of the delinquent contributions. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

19. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs the minimum amount of $28,072.50 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to the Funds and Union in the minimum principal amount of $28,072.50, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA, the Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions and reports to plaintiffs.

29. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement and Trust Indenture.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of $28,072.50 representing benefit fund contributions for the period January 1, 2006 through to and including December 31, 2007, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements all in accordance with the Trade Agreement and the policy for collection of delinquent contributions

On the Third Claim for Relief:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
June 25, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

Dana L. Henke (DLH3025)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 CIV 5776

Purchased/Filed: June 26, 2008

STATE OF NEW YORK        UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

Trustees of The District Council 9 Painting Industry Insurance and Annuity Funds

Plaintiff

against

Acclaim Acoustics Inc.

Defendant

RECEIVED
JUL 0 8 2008
USDC-WP-SDNY

STATE OF NEW YORK
COUNTY OF ALBANY

SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ June 30, 2008 _____ , at _ 2:00pm _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action, Rule 7.1 and Complaint

on

_____ Acclaim Acoustics Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Chad Matice _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _ 2 _ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _ 40 _ dollars; That said service

was made pursuant to Section _ 306 Business Corporation Law _ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: _ 28 _    Approx. Wt: _ 200 _    Approx. Ht: _ 6'0" _

Color of skin: _ White _    Hair color: _ Brown _    Sex: _ M _    Other: _____

Sworn to before me on this

_ 2nd _ day of _____ July, 2008 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4805570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice·Work Order # SP0806294

SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

**08 CIV. 5776**

Index No.:

                                        Plaintiffs,

**SUMMONS IN A CIVIL ACTION**

                -against-

ACCLAIM ACOUSTICS INC.,

                                        Defendant.
------------------------------------------------------------------------x

**JUDGE KARAS**

**TO:**     ACCLAIM ACOUSTICS INC.
            7 CEDAR LANE
            EAST SETAUKET, NY 11733

        **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of the Southern District Court and
serve upon

**PLAINTIFF'S ATTORNEY:**
            BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC
            258 SAW MILL RIVER ROAD
            ELMSFORD, NY 10523

        an answer to the complaint which is herewith served upon you, within **20** days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

_____                    6/26/08
CLERK                                       DATE

_____
BY DEPUTY CLERK

# EXHIBIT B

District Council 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

Schedule #1           Summary of Findings

Employer:             Acclaim Acoustics, Inc.
Employer #:           3587, 3584
Audit Period:         01/01/05 - 12/31/07

| Trade | Stamp Period | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare | Pension | Annuity | Vacation | DC 9 JAATF | IUPAT FTI | LMCF | IUPAT PAT | IPF | Check-Off |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Painter - Journeyperson | 01/01/05 - 04/30/05 | 7.00 | 19.19 | 134.33 | 41.58 | 35.00 | 31.50 | 14.14 | 2.45 | 0.35 | 0.35 | 0.35 | 1.26 | 7.35 |
| Total | 01/01/05 - 04/30/05 | 7.00 | | 134.33 | 41.58 | 35.00 | 31.50 | 14.14 | 2.45 | 0.35 | 0.35 | 0.35 | 1.26 | 7.35 |
| Painter - Journeyperson | 05/01/05 - 12/31/05 | 498.00 | 20.21 | 10,064.58 | 3,451.14 | 2,490.00 | 2,241.00 | 1,005.96 | 174.30 | 24.90 | 24.90 | 24.90 | 94.62 | 632.86 |
| Total | 05/01/05 - 12/31/05 | 498.00 | | 10,064.58 | 3,451.14 | 2,490.00 | 2,241.00 | 1,005.96 | 174.30 | 24.90 | 24.90 | 24.90 | 94.62 | 632.86 |
| Painter - Journeyperson | 01/01/07 - 04/30/07 | 185.50 | 20.21 | 3,748.96 | 1,285.52 | 927.50 | 834.75 | 374.71 | 64.93 | 9.28 | 9.28 | 9.28 | 35.25 | 198.49 |
| Total | 01/01/07 - 04/30/07 | 185.50 | | 3,748.96 | 1,285.52 | 927.50 | 834.75 | 374.71 | 64.93 | 9.28 | 9.28 | 9.28 | 35.25 | 198.49 |
| Painter - Journeyperson | 05/01/07 - 12/31/07 | 665.00 | 21.24 | 14,124.60 | 5,266.80 | 3,325.00 | 2,992.50 | 1,343.30 | 232.75 | 33.25 | 33.25 | 33.25 | 133.00 | 731.50 |
| Total | 05/01/07 - 12/31/07 | 665.00 | | 14,124.60 | 5,266.80 | 3,325.00 | 2,992.50 | 1,343.30 | 232.75 | 33.25 | 33.25 | 33.25 | 133.00 | 731.50 |
| Grand Total | | 1,355.50 | | 28,072.47 | 10,045.04 | 6,777.50 | 6,099.75 | 2,738.11 | 474.43 | 67.78 | 67.78 | 67.78 | 264.13 | 1,470.20 |

PAGE 01/05

PI IAF

2123893468

07/31/2008  12:56

District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

Schedule #2      Detail of Findings

Employer.        Acclaim Acoustics, Inc.
Employer #:      3567, 3584
Audit Period:    01/01/06 - 12/31/07
Stamp Period:    1/1/06 to 4/30/06

Painter - Journeyperson

| Social Security | Employee | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare $ 5.94 | Pension $ 5.80 | Annuity $ 4.50 | Vacation $ 2.02 | DC 9 JAATF $ 0.35 | IUPAT FTI $ 0.05 | LMCF $ 0.05 | IUPAT PAT $ 0.05 | IPF $ 0.18 | Check-Off $ 1.05 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Depinto, Mario | 42.00 | $ 19.19 | $ 805.98 | $ 249.48 | $ 210.00 | $ 189.00 | $ 84.84 | $ 14.70 | $ 2.10 | $ 2.10 | $ 2.10 | $ 7.56 | $ 44.10 |
| 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 | Vlahoginis, John | (35.00) | $ 19.19 | $ (671.65) | $ (207.90) | $ (175.00) | $ (157.50) | $ (70.70) | $ (12.25) | $ (1.75) | $ (1.75) | $ (1.75) | $ (6.30) | $ (36.75) |
| Total | | 7.00 | | $ 134.33 | $ 41.58 | $ 35.00 | $ 31.50 | $ 14.14 | $ 2.45 | $ 0.35 | $ 0.35 | $ 0.35 | $ 1.26 | $ 7.35 |

PAGE 02/05

PIIAF

2129993459

07/31/2008  12:56

7/31/2008

District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

Schedule #2    Detail of Findings

Employer:      Acclaim Acoustics, Inc.
Employer #:    3587, 3584
Audit Period:  01/01/06 - 12/31/07
Stamp Period:  5/1/06 to 12/31/06

Painter - Journeyperson

| Social Security | Employee | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare $ 6.93 | Pension $ 5.00 | Annuity $ 4.50 | Vacation $ 2.02 | DC 9 JAATF $ 0.35 | IUPAT FTI $ 0.05 | LMCF $ 0.05 | IUPAT PAT $ 0.05 | IPF $ 0.19 | Check-Off $ 1.07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Brinsmede, John | 21.00 | $ 20.21 | $ 424.41 | $ 145.53 | $ 105.00 | $ 94.50 | $ 42.42 | $ 7.35 | $ 1.05 | $ 1.05 | $ 1.05 | $ 3.99 | $ 22.47 |
| 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 | Depinto, Mario | 56.00 | $ 20.21 | $ 1,131.76 | $ 388.08 | $ 280.00 | $ 252.00 | $ 113.12 | $ 19.60 | $ 2.80 | $ 2.80 | $ 2.80 | $ 10.64 | $ 59.92 |
| 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 | Vishoginis, John | 421.00 | $ 20.21 | $ 8,508.41 | $ 2,917.53 | $ 2,105.00 | $ 1,894.50 | $ 850.42 | $ 147.35 | $ 21.05 | $ 21.05 | $ 21.05 | $ 79.99 | $ 450.47 |
| **Total** | | **498.00** | | **$ 10,064.58** | **$ 3,451.14** | **$ 2,490.00** | **$ 2,241.00** | **$ 1,005.96** | **$ 174.30** | **$ 24.90** | **$ 24.90** | **$ 24.90** | **$ 94.62** | **$ 532.86** |

PAGE    03/05

PTIAF

2129993459

07/31/2008  12:56

7/31/2008

District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

Schedule #2    Detail of Findings

Employer:        Acclaim Acoustics, Inc.
Employer #.      3567, 3564
Audit Period:    01/01/06 – 12/31/07
Stamp Period:    1/1/07 to 4/30/07

Painter - Journeyperson

| Social Security | Employee | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare $ 6.93 | Pension $ 5.00 | Annuity $ 4.60 | Vacation $ 2.02 | DC 9 JAATF $ 0.35 | IUPAT FTI $ 0.05 | LMCF $ 0.05 | IUPAT PAT $ 0.05 | IPF $ 0.19 | Check-Off $ 1.07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Casano, Salvatore | 0.00 | $ 20.21 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 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 | Depinto, Mario | 63.00 | $ 20.21 | $ 1,273.23 | $ 436.59 | $ 315.00 | $ 283.50 | $ 127.26 | $ 22.05 | $ 3.15 | $ 3.15 | $ 3.15 | $ 11.97 | $ 67.41 |
| 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 | Pacella, Robert | 0.00 | $ 20.21 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 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 | Viahoginis, John | 122.50 | $ 20.21 | $ 2,475.73 | $ 848.93 | $ 612.50 | $ 551.25 | $ 247.45 | $ 42.88 | $ 6.13 | $ 6.13 | $ 6.13 | $ 23.28 | $ 131.08 |
| | **Total** | **185.50** | | **$ 3,748.96** | **$ 1,285.52** | **$ 927.50** | **$ 834.75** | **$ 374.71** | **$ 64.93** | **$ 9.28** | **$ 9.28** | **$ 9.28** | **$ 35.25** | **$ 198.49** |

District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

Schedule #2    Detail of Findings

Employer:       Acclaim Acoustics, Inc.
Employer #:     3587, 3584
Audit Period:   01/01/06 - 12/31/07
Stamp Period:   5/1/07 to 12/31/07

Painter - Journeyperson

| Social Security | Employee | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare $7.92 | Pension $5.00 | Annuity $4.50 | Vacation $2.02 | DC 9 JAATF $0.35 | IUPAT FTI $0.05 | LMCF $0.05 | IUPAT PAT $0.05 | IPF $0.29 | Check-Off $1.10 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Casano, Salvatore | 10.50 | 21.24 | 223.02 | 83.16 | 52.50 | 47.25 | 21.21 | 3.68 | 0.53 | 0.53 | 0.53 | 2.10 | 11.55 |
| 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 | Depinto, Mario | (91.00) | 21.24 | (1,932.84) | (720.72) | (455.00) | (409.50) | (183.82) | (31.85) | (4.55) | (4.55) | (4.55) | (18.20) | (100.10) |
| 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 | Pacella, Robert | 10.50 | 21.24 | 223.02 | 83.16 | 52.50 | 47.25 | 21.21 | 3.68 | 0.53 | 0.53 | 0.53 | 2.10 | 11.55 |
| 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 | Vishoginis, John | 735.00 | 21.24 | 15,611.40 | 5,821.20 | 3,675.00 | 3,307.50 | 1,484.70 | 257.25 | 36.75 | 36.75 | 36.75 | 147.00 | 808.50 |
| **Total** | | 665.00 | | 14,124.60 | 5,266.80 | 3,325.00 | 2,992.50 | 1,343.30 | 232.75 | 33.25 | 33.25 | 33.25 | 133.00 | 731.50 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,  )          Index No.: 08-CIV-5776 (KMK)
                                       )
                          Plaintiffs,  )          STATEMENT OF DAMAGES
          -against-                    )
                                       )
ACCLAIM ACOUSTICS INC.,                )
                                       )
                          Defendant.   )
                                       )

---

Principal Amount Due
for the period January 1, 2006 through December 31, 2007 ................. $ 28,072.50

Interest calculated at 7% per annum
through to April 16, 2008............................................................. $  2,697.96

Liquidated Damages calculated at 10% of the principal..................... $  2,807.25

Attorneys' Fees .......................................................................... $  2,000.00

Auditors' Fees............................................................................ $  2,050.00

Court Costs & Disbursements:

     Filing Fees (Index)................................................................ $    350.00
     Process Server Fee................................................................ $     40.00


**GRAND TOTAL:**....................................................    **$  38,017.71**

CERTIFICATE OF SERVICE

STATE OF NEW YORK          )
                                            ss.:
COUNTY OF WESTCHESTER)

     I, Dawn Stefanik, being duly sworn, deposes and says:

     I am not a party to the within action, am over the age of 18 years and reside in Westchester County, New York. That on August 6, 2008, I served a true copy of the default judgment with supporting papers by mailing a true copy of same enclosed in a post-paid wrapper in an official depository by First Class Mail under the exclusive care and custody of the United States Postal Service within New York State, addressed as follows:

     ACCLAIM ACOUSTICS INC.
     7 CEDAR LANE
     EAST SETAUKET, NY 11733

Dawn Stefanik

Sworn to before me this
6th day of August, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,    )        Index No.: 08-CIV-5776 (KMK)
                                         )
                          Plaintiffs,    )        CLERK'S CERTIFICATE
         -against-                       )
                                         )
ACCLAIM ACOUSTICS INC.,                  )
                                         )
                          Defendant.     )
                                         )

----------------------------------------------------------------

   I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that the docket entries in the above-entitled action indicate that

this action commenced on June 26, 2008 with the filing of the Summons and Complaint; a copy of the

Summons and Complaint was served on defendant via New York's Secretary of State on June 30, 2008

and proof of such service thereof was filed on July 8, 2008.

   I further certify that docket entries indicate that the Defendant has not filed an answer or

otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated:  White Plains, New York
                   , 2008
                                        J. MICHAEL MCMAHON
                                        Clerk of the Court


                              By: .............................................................
                                             Deputy Clerk